UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 8:26-cv-01023-JWH-KES | Date | May 19, 2026 |
|---|---|---|---|
| Title | *Mindy Vander Leest v. UOC USA, Inc., et al.* | | |

| Present: The Honorable | JOHN W. HOLCOMB, UNITED STATES DISTRICT JUDGE |
|---|---|

| Clarissa Lara | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION**

## I.  BACKGROUND

Plaintiff Mindy Vander Leest initially filed this action in Orange County Superior Court.[1]  On April 30, 2026, Defendant UOC USA Inc. removed this case to this Court pursuant to 28 U.S.C. § 1332.[2]

As an initial matter in every case, the court must ensure that it possesses subject matter jurisdiction.  District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states[.]"  28 U.S.C. § 1332.  However, pursuant to 28 U.S.C. § 1441(b), "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and

---

[1]     Notice of Removal [ECF No. 1].

[2]     *See generally id.*

served as defendants is a citizen of the State in which such action is brought." The party invoking the court's jurisdiction bears "the burden of demonstrating that the court has subject matter jurisdiction to hear an action." *Nguyen v. Cache Creek Casino Resort*, 2021 WL 22434, at *2 (E.D. Cal. Jan. 4, 2021), *report and recommendation adopted sub nom. Hung Nguyen v. Cache Creek Casino Resort*, 2021 WL 568212 (E.D. Cal. Feb. 16, 2021) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

The issue here is the so-called "forum defendant rule" under 28 U.S.C. § 1441(b). Because UOC USA—the removing party and only named Defendant—is purportedly a citizen of California,[3] the Court notes that removal may be procedurally improper.

In view of the Court's concern that removal was procedurally improper, it concludes that it would be an inefficient use of judicial resources to adjudicate the instant action any further without firmly establishing that removal was both substantively proper under 28 U.S.C. § 1332 and procedurally correct under 28 U.S.C. §§ 1441 and 1446.

For those reasons, the Court hereby **ORDERS** as follows:

1.    UOC USA and Vander Leest, and each of them, are **DIRECTED** to show cause, no later than May 22, 2026, whether there is a procedural defect with UOC USA's removal, and, if there is, whether Vander Leest waives that defect.

2.    An in-person hearing on this Order to Show Cause is **SET** for May 29, 2026, at 11:00 a.m., in Courtroom 9D of the Ronald Reagan Federal Building and U.S. Courthouse, 411 W. 4th Street, Santa Ana, California.

**IT IS SO ORDERED.**

---

[3]    *Id.* at ¶ 15.

**CIVIL MINUTES—
GENERAL**                    Initials of Deputy Clerk cla